

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GONER CARR
RNEY GENERAL

December 3, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts.
Austin, Texas

Opinion No. C-557

Re: Whether the purchase of
refrigerators, ranges,
sinks, a combination of
the three, perculators,
cups, and the like need
statutory pre-existing
law to be paid out of
funds in the State Trea-
sury and related questions.

Dear Mr. Calvert:

You have requested the opinion of this office concerning
the following questions:

"1.  Please advise if the purchase of
refrigerators, ranges, sinks, a combination
of the three, perculators, cups, and etc.,
need statutory pre-existing law to be paid
out of funds in the State Treasury.

"2.  If you find that statutory law is
not required, are the items listed payable out
of this type of appropriations or does their
payment require a specific appropriation?

a.  'Consumable supplies and materials,
current and recurring operating expenses (ex-
cluding travel expense) and capital outlay.'

b.  'For payment of salaries and other
necessary expenses in carrying out the provisions
of, (Statutory Acts creating the agency).'

"3.  If you find that the accounts in
question can be legally paid, please advise if
invoices for consumable supplies necessary for
the operation of the purchased items may be
paid out of the appropriations quoted under
question #2?"

-2692-

In addition to the foregoing, you have also stated in your letter that various State agencies or departments seeking to purchase such equipment as refrigerators, ranges, sinks, perculators and cups, have given as their reason why such equipmen should be considered necessary in carrying out the statutory duties of the agency the explanation that:

"The existence of the equipment makes it possible for the State to gain more hours of productive work. The employees are on call at all times and work many nights and weekends as the situation demands."

In regard to the first question posed, pertaining to the necessity of pre-existing law to purchase such items as refrigerators, ranges, sinks, perculators and cups with funds paid out of the State Treasury, Section 44 of Article III of the Constitution of Texas provides in part that:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; nor grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; nor employ any one in the name of the State, unless authorized by pre-existing law." (Emphasis added).

The foregoing constitutional provision has been construed by the Courts of this State to mean that the Legislature cannot appropriate State money to any individual unless at the time the appropriation is made there is already in force some valid law constituting the claim the appropriation is made to pay a legal and valid obligation of the State. Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242 (1934); Corsicana Cotton Mills v. Sheppard, 123 Tex. 352, 71 S.W.2d 247 (1934); Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935); State v. Steck Company, 236 S.W.2d 866 (Tex.Civ.App. 1951, error ref.).

Consequently, for a State agency to purchase refrigerators, ranges, sinks, perculators, cups and the like there must first be a pre-existing law which would authorize such

purchases; and secondly, there must be an appropriation to the State agency of funds out of which such purchases could be made.

In Attorney General's Opinion No. C-546 (1965), it was held that:

". . .the authorization to the Texas State Board of Registration for Professional Engineers, as well as to other state agencies and departments, to maintain and operate office facilities carries with it the further authorization to furnish these office facilities with such equipment, furnishings and decor as it sees fit, within the limits of its appropriations. . . ." (Emphasis added).

In view of the foregoing, we are of the opinion that there exists sufficient pre-existing law to authorize State agencies and departments to purchase such refrigerators, ranges, sinks, perculators, cups and the like as such agency or department sees fit, within the limits of its appropriations.

Your next question pertains to whether the purchase of such items as refrigerators, ranges, sinks, perculators and cups by a State agency or department must be payable out of a specific appropriation or whether such purchases may be paid out of appropriations for the following:

"Consumable supplies and materials, current and recurring operating expenses (excluding travel · expense) and capital outlay.

"For payment of salaries and other necessary expenses in carrying out the provisions of, (Statutory Acts creating the agency)." (Emphasis added).

We are of the opinion that the purchase of such items as listed above could be paid out of a specific appropriation for the purchase of such items, or in the alternative such items could be purchased from available funds in either of the foregoing types of appropriations quoted above. The purchase of refrigerators, ranges, sinks, perculators and cups would certainly fall within the terminology "capital outlay" or "other necessary expenses," as used in the foregoing examples.

Your last question pertains to whether consumable supplies necessary for the operation of refrigerators, ranges, sinks, perculators and cups may be purchased out of the appropriation examples quoted in connection with your second question and set forth heretofore.

In answer to this question, it should first be noted that there could well be two types of consumable supplies used in connection with refrigerators, ranges, sinks, perculators and cups. The first type of consumable supplies would be those used for the care and maintenance of the equipment sought to be purchased--soap, dish towels, and the like. The second type of consumable supplies would be those used while making use of the equipment sought to be purchased--food, coffee, cream, sugar and the like.

The first of these types of consumable supplies--those used for the care and maintenance of the refrigerators, ranges, sinks, perculators and cups--would certainly fall within an authorized expenditure from either of the types of appropriation examples referred to in your second question. This type of purchase would certainly fall within the terminology "consumable supplies and materials" or "other necessary expense."

However, the purchase of such items as food, coffee, cream or sugar presents a different question. Section 51 of Article III of the Constitution of Texas provides in part that:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public money to any individual, association of individuals, municipal or other corporations whatsoever. . . ."

Section 6 of Article XVI of the Constitution of Texas provides in part that:

"No appropriation for private or individual purposes shall be made. . . ."

In the case of Terrell v. Middleton, 187 S.W. 367 (Tex.Civ.App. 1916, error ref.) the Court had before it for consideration the foregoing constitutional provisions in connection with an appropriation for the Governor's mansion. The Court in its opinion stated that:

"Considering the circumstances under which the convention met, the evils sought to be remedied, and the ends to be accomplished, as well as the personnel of the members, it cannot reasonably be held that it ever entered the mind of any member that the Governor, under the guise of maintaining the Governor's mansion, would be voted groceries to maintain his household, would be voted food and care of the Governor's horses,

gasoline and repairs for his automobile, would be voted embossed cards and printed invitations to his social functions, <u>and liquors, meat, vegetables, and fruits for his table.</u> . . ."

"  . . .

"Clearly, the items for which the comptroller sought and desired to issue state warrants and from which action he was restrained, were for private and individual purposes, and not for the public good, and the appropriation made for that purpose by the Legislature was directly in the face of article 16, § 6, of the Constitution, which commands that 'no appropriation for private or individual purposes shall be made.' The articles named were <u>clearly not for the Governor in his official capacity, but for his individual satisfaction and gratification. No governmental or official object would be obtained</u> by feeding and shoeing his horses, by repairing and furnishing gasoline for his automobile, or by <u>furnishing groceries or other luxuries for him to consume."</u> (Emphasis added).

In view of the foregoing, we are of the opinion that appropriated funds of a State agency or department could not be used to purchase such items as food, coffee, cream, sugar and the like which would be ultimately consumed by employees of or visitors to the State agency or department.

## SUMMARY

While there must be pre-existing law to authorize the Legislature to appropriate funds for use by State agencies or departments in their purchase of such items as refrigerators, ranges, sinks, perculators and cups, there presently exists sufficient pre-existing law to authorize State agencies and departments to purchase such refrigerators, ranges, sinks, perculators and cups as they see fit, within the limits of the agency's or department's appropriations. Attorney General's Opinion No. C-546 (1965).

Purchases of such items as refrigerators, ranges, sinks, perculators and cups by a State agency or department could be paid out of a specific appropriation for the purchase of such items, or in the alternative such items could

be purchased from available funds in either of the two illustrative appropriations set forth.

A State agency or department may purchase consumable supplies or materials to be used in the care and maintenance of such items as refrigerators, ranges, sinks, perculators and cups. However, a State agency or department is prohibited by Section 51 of Article III of the Constitution of Texas and Section 6 of Article XVI of the Constitution of Texas from purchasing with State funds such items as food, coffee, cream, and sugar which would ultimately be consumed by employees of or visitors to the State agency or department.

Very truly yours,

WAGGONER CARR
Attorney General

By: Pat Bailey
Pat Bailey
Assistant

PB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Grady Chandler
Roger Tyler
Alan Minter

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright